FILED

07 MAR 12 PM 2:54

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE QUACKENBUSH,<br><br>                 Petitioner,<br><br>v.<br><br>JAMES E. TILTON, Secretary,<br><br>                 Respondent. | Civil No.    07cv0413-W (WMc)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) SUA SPONTE SUBSTITUTING RESPONDENTS; AND,**<br><br>**(3) REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254)** |

       Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Within the body of the Petition is a certified copy of Petitioner's inmate trust account statement, which the Court will construe as an application for leave to proceed in forma pauperis.

       Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.

       Petitioner has named Jerry Brown, the Attorney General of the State of California, as Respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer

Dockets.Justia.com

1  having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254.
2  However, "[i]f the petitioner is not yet in custody – but may be subject to future custody – under
3  the state-court judgment being contested, the petition must name as respondents both the officer
4  who has current custody and the attorney general of the state where the judgement was entered."
5  Rule 2 (b), 28 U.S.C. foll. § 2254.  Here, there appears to be no basis for Petitioner to have
6  named the Attorney General as a respondent in this action.

7      A writ of habeas corpus acts upon the custodian of the state prisoner.  See 28 U.S.C.
8  § 2242; Rule 2(a), 28 U.S.C. foll. § 2254.  In order to conform with the requirements of
9  Rule 2(a) of the Rules Governing § 2254 Cases and to avoid changing the Respondent again if
10  Petitioner is transferred to another prison or paroled, the Court hereby sua sponte **ORDERS** the
11  substitution of James E. Tilton, the Secretary of the California Department of Corrections and
12  Rehabilitation, as Respondent in place of Jerry Brown.  See Ortiz-Sandoval v. Gomez, 81 F.3d
13  891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief
14  officer in charge of state penal institutions).  The Clerk of the Court shall modify the docket to
15  reflect "James E. Tilton, Secretary" as Respondent in place of "Jerry Brown."

16      Furthermore, in accordance with Rule 4 of the rules governing petitions for a writ of
17  habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT
18  IS ORDERED** that:

19      1. The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of
20  this Order on the Attorney General for the State of California, or his authorized agent; and
21  (b) serve a copy of this Order on Petitioner.

22      2. If Respondent contends the Petition can be decided without the Court's reaching the
23  merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust
24  any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred
25  by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules
26  Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner
27  is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules
28  Governing § 2254 Cases no later than **April 30, 2007**. The motion to dismiss shall not address

1  the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which Respondent

2  contends dismissal without reaching the merits of Petitioner's claims is warranted.[1]  At the time

3  the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on

4  Respondent's contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

5      3. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to

6  the motion no later than **May 21, 2007**.  At the time the opposition is filed, Petitioner shall lodge

7  with the Court any records not lodged by Respondent which Petitioner believes may be relevant

8  to the Court's determination of the motion.

9      4. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's

10  opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondent

11  adequate time to respond to Petitioner's claims on the merits.

12      5. If Respondent does not contend that the Petition can be decided without the Court

13  reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the

14  Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to

15  Rule 5 of the Rules Governing § 2254 Cases no later than **May 14, 2007**.  At the time the answer

16  is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's

17  claims.  The lodgments shall be accompanied by a notice of lodgment which shall be captioned

18  "**<u>Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's</u>**

19  **<u>Office</u>**."   Respondent shall not combine separate pleadings, orders or other items into a

20  combined lodgment entry.  Each item shall be numbered separately and sequentially.

21      6. Petitioner may file a traverse to matters raised in the answer no later than **<u>June 14,</u>**

22  **<u>2007</u>**.  Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each

23  allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive

24  to matters raised in the answer; and (c) shall not raise new grounds for relief that were not

25  asserted in the Petition.  Grounds for relief withheld until the traverse will not be considered.

26  No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause.

27

28
_____

[1]  If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

7. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

8. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

9. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

10. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED: 3/8/07

William McCurine, Jr.
United States Magistrate Judge

Copies to:    ALL PARTIES

-4-

07cv0413