# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE QUACKENBUSH,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>JAMES E. TILTON, Secretary of the California Department of Corrections and Rehabilitation,<br><br>　　　　　　　　Respondent. | Civil No.   07cv0413-W (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; AND**<br><br>**(2) DISMISSING PETITION WITH LEAVE TO AMEND** |

　　　　This Report and Recommendation is submitted to United States District Judge Thomas J. Whelan pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

## I.
## FEDERAL PROCEEDINGS

　　　　Robert Lee Quackenbush (hereinafter "Petitioner"), a California prisoner at the time of initiating these proceedings but subsequently released on parole, is proceeding pro se and in forma pauperis with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges his 2006 parole revocation and resultant sentence of 12 months imprisonment, contending he received ineffective assistance of counsel at the revocation hearing

(claim one), and stating simply "see attached," referencing numerous administrative appeals and state court filings attached to the Petition (claim two). Respondent has filed a Motion to Dismiss the Petition on the grounds that Petitioner has failed to exhaust state court remedies, and has failed to present a factual basis in support of his vague and conclusory claims. (Doc No. 5.) Petitioner has filed an Opposition in which he argues that he was denied due process and equal protection in the parole revocation hearing as well as in the subsequent state court proceedings. (Doc. No. 6.) As discussed below, it is unclear whether Petitioner intended his Opposition to clarify the basis for claim two, or if he intended to present due process and equal protection claims for the first time in his Opposition.

For the following reasons, the Court finds that Petitioner has satisfied the technical requirement for exhaustion of the claims presented in this action. However, the Court also finds that the Petition, its attachments, and Petitioner's Opposition, even when taken together and liberally construed, present claims which are vague, conclusory and lacking in a sufficient factual basis, and as such do not satisfied the pleading requirements of Rule 2(c) of the Rules governing § 2254 proceedings. The Court therefore recommends granting in part and denying in part Respondent's Motion to Dismiss, and dismissing the Petition without prejudice and with leave to amend.

## II.

## STATE PROCEEDINGS

On May 4, 2005, Petitioner was released on parole from a 2003 criminal conviction. (Memorandum of Points and Authorities in Support of Motion to Dismiss ["MTD Mem."], Ex. 3.) He was arrested on February 1, 2006, and, based on a February 9, 2006 parole violation report written by Parole Officer Joe Estrada, the Board of Parole Hearings (BPH) revoked Petitioner's parole on February 14, 2006, and sentenced him to 12 months in custody. (Id., Ex. 4.) A revocation hearing was held at R. J. Donovan Correctional Facility on March 6, 2006, at which Petitioner was represented by appointed counsel. (Pet. Ex. A. at 4.)

On June 2, 2006, Petitioner filed a habeas petition in the state superior court requesting a transcript of the revocation hearing in order to prepare an appeal. (Pet. Ex. C. at 51-59.) That

petition was denied in a written order filed July 31, 2006, on the basis that Petitioner had been provided with an audio recording of the parole hearing, which was all he was entitled to under the California Code of Regulations. (Id. at 46-48.)

Petitioner filed a habeas petition in the appellate court on September 19, 2006, in which he sought a de novo review of the superior court petition, and argued that the failure to provide him with a written transcript denied him his state and federal constitutional rights because it made it impossible for him to challenge the basis for his parole revocation. (MTD Mem. Ex. 5 at 2.) That petition was denied in a written order filed January 4, 2007, on the basis that Petitioner was not entitled to a transcript of the hearing, that he did not need a transcript in order to initiate an appeal, and that the time to appeal had already expired. (Id., Ex. 6.)

Petitioner filed a petition for review in the state supreme court on February 5, 2007, contending that because he did not have access to a device which would permit him to listen to the recording of the parole hearing, he essentially had no means to have the revocation hearing reviewed or to present claims of ineffective assistance of counsel, resulting in a denial of state and federal due process. (MTD Mem. Ex. 7 at 4-5.) That petition was summarily denied without citation of authority on March 14, 2007. (Id., Ex. 8.)

### III.

### PETITIONER'S CLAIMS

In claim one, Petitioner alleges that his right to the effective assistance of counsel at the parole revocation hearing was violated because his appointed counsel: (a) failed to bring out facts demonstrating that the parole revocation was motivated by retaliation against Petitioner by Parole Officer Estrada based on Petitioner's exercise of his First Amendment rights while previously incarcerated, and that the imposition of inappropriate special conditions of parole unrelated to his commitment offense resulted in his parole revocation; (b) failed to prevent introduction of evidence relating to the inappropriately imposed special conditions of parole; and, (c) failed to ensure that the totality of the circumstances of the alleged crime were brought to light, including perjury by Parole Officer Estrada and Petitioner's status as a registered sex offender, which contributed to most of the facts relied upon by the BPH. (Pet. at 6.)

In claim two, Petitioner simply states "see attached." (Pet. at 7.) The attachments to the petition consist of: (a) administrative appeals filed while Petitioner was incarcerated requesting removal of special conditions of parole, and regarding denial of access to the courts, loss of property, and conditions of confinement; (b) Petitioner's state habeas petitions and the orders denying those petitions; and (c) a civil rights complaint pursuant to 42 U.S.C. § 1983, apparently filed in the District Court for the Eastern District of California, complaining of denial of access to the courts and other conditions of confinement. (See Pet. Exs. A-C.)

## IV.

## DISCUSSION

For the following reasons, the Court finds that Petitioner has satisfied the technical requirements for exhaustion of his claims because no state court remedies remain available. The Court therefore recommends that Respondent's Motion to Dismiss be denied in part to the extent it seeks dismissal of the Petition on the basis it contains unexhausted claims, but that the denial be without prejudice to Respondent to argue that the claims are procedurally defaulted. The Court also finds that the claims as presented are vague, conclusory, and lack a sufficient factual basis to provide Respondent an opportunity to respond, but that Petitioner has the right to file an amended petition in an attempt to cure these pleading defects. The Court therefore recommends that Respondent's Motion to Dismiss be granted in part on this basis, and the Petition be dismissed without prejudice and with leave to amend.

**A.    Petitioner's Claims are Exhausted.**

Respondent first contends that Petitioner's claims are unexhausted because they have not been presented to the state courts. (MTD Mem. at 3.) Respondent argues that the only claim Petitioner presented to the state courts is a claim that he is entitled to a written transcript of the parole hearing, a claim which is not presented in this action. (Id. at 3-4.) Respondent contends that although Petitioner argued in the habeas petition filed in the state supreme court that he needed the transcript in order to pursue a claim of ineffective assistance of counsel, he did not present any facts whatsoever in support of an ineffective assistance of counsel claim in that petition. (Id.) Finally, Respondent contends that the allegation in the Petition that the claims

1  were exhausted through direct review of the original commitment offense is insufficient to
2  demonstrate exhaustion of claims related to the subsequent parole revocation. (Id. at 4.)

3        The exhaustion of available state judicial remedies is generally a prerequisite to a federal
4  court's consideration of claims presented in habeas corpus proceedings, and a petition containing
5  unexhausted claims may be subject to dismissal. 28 U.S.C. § 2254(b); see Rose v. Lundy, 455
6  U.S. 509, 522 (1982); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). The exhaustion
7  requirement is satisfied when a petitioner provides the state courts with a "fair opportunity to
8  apply controlling legal principles to the facts bearing upon his [or her] constitutional claim."
9  Anderson v. Harless, 459 U.S. 4, 6 (1982). The state courts are thus assured of the "initial
10 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Picard
11 v. Connor, 404 U.S. 270, 275 (1971) (quoting Wilwording v. Swenson, 404 U.S. 249, 250
12 (1971)).

13       Petitioner claimed in the state appellate court that the failure to provide him with a written
14 transcript of the revocation hearing made it impossible for him to challenge the basis for his
15 parole revocation "through the judicial process, thereby denying him the rights guaranteed by
16 the Constitution, both State and Federal." (MTD Mem. Ex. 5 at 2.) He argued in the state
17 supreme court that because he was unable to listen to the recording of the hearing while
18 incarcerated, he essentially had no means to have the revocation hearing reviewed, resulting in
19 a denial "of my Constitutional rights (i.e., Due Process, 'IAC' Misrepresentation, etc.) both of
20 the Federal and State nature." (MTD Mem. Ex. 7 at 4-5.) Although Petitioner mentioned in
21 passing in the state supreme court petition that he needed a transcript in order to present a claim
22 of ineffective assistance of counsel (id. at 4.), he did not provide any factual basis whatsoever
23 in support of a claim of ineffective assistance of counsel. (Id., Ex. 7.)

24       In his Opposition, Petitioner requests that this Court conduct a de novo review of the state
25 court habeas petitions in order to determine whether a federal due process violation occurred in
26 connection to his parole revocation proceedings and the subsequent state review process. (Opp.
27 at 1.) In particular, Petitioner contends that the denial of review of his petitions by the state
28 courts, and the failure of the state courts to conduct an evidentiary hearing on his allegations,

resulted in a denial of a state-created liberty interest, thereby violating his rights to due process and equal protection as protected by the Eighth and Fourteenth Amendments. (Memorandum of Points and Authorities in Support of Opposition ["Opp. Mem."] at 1.) Petitioner goes on to list the alleged deficiencies in the revocation hearing and subsequent state court proceedings. (Id. at 2-9.) These claims and their supporting facts are not presented in the Petition, and there is no indication whatsoever that they have been presented to any state court.

Respondent is correct that the federal habeas exhaustion requirement is ordinarily satisfied when a petitioner provides "the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his [or her] constitutional claim." Anderson v. Harless, 459 U.S. 4, 6 (1982) (quoting Picard v. Connor, 404 U.S. 270, 276-77 (1971)). However, the exhaustion requirement may be satisfied notwithstanding a failure to present a claim to the state supreme court, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." Gray v. Netherland, 518 U.S. 152, 161 (1996) (quoting Castille v. Peoples, 489 U.S. 346, 351 (1989)); Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir. 2002) (same) (citing Phillips v. Woodford, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [petitioner's] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.'"). "A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." Cassett v. Stewart, 406 F.3d 614, 621 n.5 (9th Cir. 2005) (quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)).

Here, it is clear that Petitioner no longer has state court remedies remaining available with respect to any federal claims which have not been presented to the state courts. As the appellate court noted in its denial of Petitioner's habeas petition, Petitioner allowed the time to appeal the parole revocation to expire without filing an appeal. (MTD Mem., Ex. 5.) Petitioner has already completed one complete round of state habeas proceedings in which he presented state and federal claims arising from his inability to challenge his parole revocation proceedings, including

unspecified due process and ineffective assistance of counsel claims, and requesting review of the denial by the lower state courts of his claims. It is clear that any further attempts to file state habeas petitions presenting those same claims, with the addition of the factual basis for the claims, would be met with procedural bars on untimely and successive petitions, as would any attempt to present his new equal protection claim. See In re Robbins, 18 Cal.4th 770, 788 n.9 (1998) (In re Clark "serves to notify habeas corpus litigants that we shall apply the successiveness rule when we are faced with a petitioner whose prior petition was filed after the date of finality of *Clark*."), see also In re Clark, 5 Cal.4th 750, 797-98 (1993) ("the general rule is still that, absent justification for the failure to present all known claims in a single, timely petition for writ of habeas corpus, successive and/or untimely petitions will be summarily denied," and describing the "fundamental miscarriage of justice" exception to that rule).

Although Petitioner appears to contend that it was only after he was released from custody that he had the ability to listen to the recording of the revocation hearing and thereby become aware of the factual basis for his claims, he argued to the state supreme court that his inability to listen to the recording while incarcerated prevented him from presenting the factual basis for his claims. (MTD Mem., Ex. 7 at 3.) The state supreme court has already rejected Petitioner's alleged justification for failing to present his claims in a single, timely petition, and has summarily denied relief. (Id., Ex. 8.) It is therefore clear that state court remedies do not remain available to Petitioner with respect to his claims. Thus, irrespective of whether the claims were properly presented to the state courts, the claims meet the technical requirements for exhaustion. Phillips, 267 F.3d at 974; Cassett, 406 F.3d at 621 n.5.

The Court recommends that Respondent's Motion to Dismiss be **DENIED** in part to the extent it seeks dismissal of the Petition on the basis it contains unexhausted claims. The Court recommends that the denial be without prejudice to Respondent to argue that Petitioner's claims are procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.* (1991) (holding that a procedural default arises when a petitioner has "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.").

**B.     Petitioner's Claims are Vague and Conclusory.**

Respondent next moves to dismiss the Petition pursuant to Rule 2(c) of the Rules governing section 2254 cases, on the basis that Petitioner has failed to sufficiently allege facts in support of his vague and conclusory claims. (MTD. Mem. at 4.) Respondent contends that Petitioner does not present specific facts supporting his allegations of retaliation, perjury by Estrada, misconduct in the revocation proceedings, and does not identify which special parole conditions were inappropriate or why. (Id. at 5.)

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. Cf. Burkey v. Deeds, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner). In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." Cf. Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. Harris v. Allen, 739 F. Supp. 564, 565 (W.D. Okla. 1989).

Claim one in the Petition presents a claim of ineffective assistance of counsel which, as Respondent correctly points out, contains vague allegations regarding counsel's deficient performance, and merely a conclusory allegation of prejudice. (Pet. at 6.) Specifically, Petitioner alleges counsel failed to bring out facts demonstrating that the parole revocation was motivated by retaliation, and involved or was based on inappropriate conditions of parole, failed to prevent introduction of evidence relating to those conditions, and failed to ensure that the totality of the circumstances of the alleged crime were brought to light, including perjury by Parole Officer Estrada and Petitioner's status as a registered sex offender, which in turn contributed to most of the facts relied upon by the BPH. (Pet. at 6.) Petitioner does not provide a factual basis in support of any of these allegations. He does not identify what statements by Estrada were perjured, does not identify which parole conditions were inappropriate or why they

should not have been imposed, and does not allege how or why the revocation was affected by retaliatory motives or his status as a sex offender. Although the documents attached to the Petition appear to bear on some of these issues, in that they relate to attempts by Petitioner while incarcerated to have ceratin of his special parole conditions removed and to redress conditions of confinement restricting his access to the courts, the onus should not be placed on the Court to discover the factual basis for Petitioner's claim of ineffective assistance of counsel. In any case, Petitioner does not identify what actions he contends his appointed counsel should have taken or failed to take with respect to these allegations, or why he was prejudiced by counsel's actions. Because this claim lacks a factual basis in support of the allegations, it does not permit Respondent to assert appropriate objections and defenses. Harris, 739 F.Supp. at 565.

In claim two, Petitioner simply states "see attached." (Pet. at 7.) The attachments to the Petition consist of: (1) administrative appeals requesting removal of special conditions of parole, and regarding denial of access to the courts, loss of property, and conditions of confinement; (2) Petitioner's state habeas petitions and the orders denying those petitions; and (3) a civil rights complaint filed pursuant to 42 U.S.C. § 1983 in the District Court for the Eastern District of California complaining of a denial of access to the courts and other conditions of confinement. (See Pet. Exs. A-C.) It is unclear whether Petitioner intended to incorporate all of the claims presented in these documents as independent claims in this action, whether the documents were intended as support for claim one in the Petition, or whether the materials are intended to provide support for a separate claim that he did not receive due process or equal protection in the parole revocation proceedings and/or subsequent state court proceedings. This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of claim two. This claim does not satisfy Rule 2(c) because it does not point to a "real possibility of constitutional error" in connection to Petitioner's confinement, i.e., his parole revocation. Blackledge, 431 U.S. at 75 n.7; see also Rule 2(c), foll. 28 U.S.C. § 2254 ("The petition must . . . state the facts supporting each ground [for relief] . . . [and] state the relief requested."). Petitioner has failed to state facts, in the petition, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted as to this claim. Adams, 897

F.2d at 334. In addition, as with the first claim, the allegations are insufficiently specific to permit Respondent to assert appropriate objections and defenses. Harris, 739 F. Supp. at 565.

It is unclear from reading Petitioner's Opposition whether he is attempting to present additional claims regarding denial of due process and equal protection in relation to his inability to challenge his parole revocation in the state courts, or is attempting to clarify the basis for claim two in the Petition. (Opp. Mem. at 1-2.) Petitioner alleges that he was prevented from challenging his parole revocation in the state courts due to unethical and inappropriate conduct by state judicial officers, unspecified incidents of ineffective assistance of counsel in connection to the parole revocation proceedings, and based on various conditions of his confinement. (Id. at 2-3.) He contends that he does not have the expertise of an attorney and should not be held to a stringent pleading requirement, and provides caselaw and legal argument in support of his federal due process and equal protection claims. (Id. at 3-9.)

The claims presented in the Opposition are not presented in the Petition. Moreover, they do not contain a factual basis supporting the allegations of unethical and inappropriate conduct by the judicial officers. These claims are therefore vague and conclusory and suffer from the same pleading defects as the claims presented in the Petition. Even assuming that some of the allegations in the Opposition are sufficiently specific, such as the allegation that the failure to conduct an evidentiary hearing in the state court was a violation of due process, etc., the claims presented in the Opposition are not presented in the Petition as required by Rule 2(c).

The Court therefore finds that the Petition does not satisfy the requirements of Rule 2(c), and recommends that Respondent's motion to dismiss be **GRANTED** in part on this basis. Because Petitioner has a right to amend his Petition before a responsive pleading has been filed (see Fed.R.Civ.P. 15(a)), and a motion to dismiss does not constitute a responsive pleading under Rule 15(a), the Court recommends that the Petition be dismissed without prejudice to Petitioner to file an amended petition. However, the Court recommends that Petitioner receive a warning that the failure to include a factual basis for his claims in an amended petition, or to otherwise satisfy the requirements of Rule 2(c), may result in a dismissal of an amended petition without further leave to amend.

# V.

## **CONCLUSION AND RECOMMENDATION**

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting in part and denying part Respondent's Motion to Dismiss as set forth herein; and (3) directing that judgement be entered dismissing the Petition without prejudice and with leave to file an amended petition within forty-five (45) days of the date of the dismissal Order.

**IT IS ORDERED** that no later than **October 22, 2007** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **November 1, 2007**.  The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated: September 18, 2007

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

CC:   HON. THOMAS J. WHELAN
      ALL PARTIES